IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: ) | |
| ) | Misc. No. 08-442 (TFH) |
| GUANTANAMO BAY ) | |
| DETAINEE LITIGATION ) | Civil Action No. 08-CV-01233 (ESH) |
| ) | |

## STATUS REPORT

Pursuant to this Court's July 24, 2008 Order (Dkt #3), undersigned counsel for the respondents states the following status of this case:

1)      Mansoor Muhammed Ali Qattaa, a national of unknown origin, is the detainee-petitioner in this habeas corpus case. The petitioner is currently detained by the Armed Forces of the United States at Guantanamo Bay, Cuba, and is identified by Internment Serial Number 566.

2)      The Protective Order has been entered in this case. Respondents respectfully note that this matter is listed on the Court's docket as having been filed *pro se*, and no counsel has entered an appearance on behalf of petitioner. Inasmuch as no address is listed for the purported next friend in this proceeding, the undersigned are filing this report on the Court's electronic filing system and are not serving it in any other fashion.

3)      The detainee has not directly authorized this petition. The authorization of the petition is defective (Dkt #1). It purports to have been authorized in 2006 on behalf of a list of detainees by a fellow (now former) detainee, Sami Al Hajj, with no other relationship to petitioner. It is well-established that "before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue" under Article III of the Constitution. *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990). A habeas petitioner has proper standing only if the petition is "signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. If a petition is brought by someone acting on behalf of the person for whose relief the petition is intended, this "next friend" does not become a party to the action, but "simply pursues the cause

on behalf of the detained person, who remains the real party in interest;" but, next friend standing is not automatically granted to anyone who seeks to pursue an action. *Id*. at 163. Rather, consistent with the constitutional limits established by Article III, a litigant who asserts next friend standing bears the burden of satisfying the "two firmly rooted prerequisites" for next friend status articulated by the Supreme Court in *Whitmore*.[1]  This petition fails to demonstrate that the purported next friend meets either prong.

4)    A Combatant Status Review Tribunal ("CSRT") convened by the Department of Defense determined the petitioner to be an enemy combatant. The petitioner has not been approved for release or transfer from Guantanamo Bay by the Department of Defense. The petitioner has not been charged with crimes triable by military commission under the Military Commissions Act of 2006.

5)    This proceeding was instituted on 7/17/2008. The respondent has not filed the CSRT record or a factual return in this case.

Dated: August 1, 2008                          Respectfully submitted,

                                               GREGORY G. KATSAS
                                               Assistant Attorney General

                                               JOHN C. O'QUINN
                                               Deputy Assistant Attorney General

---

[1] "First, a "next friend" must provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest." Id. at 163-64 (internal citations omitted)

    */s/ Scott M. Marconda*
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar No. 347518)
TERRY M. HENRY
ANDREW I. WARDEN (IN Bar No. 23840-49)
SCOTT M. MARCONDA (CA Bar No. 144225)
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.
Washington, DC  20530
Tel:  (202) 305-0169
Fax:  (202) 616-8470
Attorneys for Respondents