UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MONSOOR MUHAMMED ALI QATTAA, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 08-cv-1233 (ESH) |
| GEORGE W. BUSH *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Based on the consent of both parties, the Court hereby grants [59] Respondents' Motion for Extension of Time to Comply with Case Management Orders Requiring Exculpatory Disclosures/Certifications, and, [67] Petitioner's Unopposed Motion to Modify Scheduling Order. This Court's December 3, 2008 [52] Order is amended as follows:

It is hereby **ORDERED**:

1. Status Hearing

    The status hearing scheduled for February 12, 2008, at 9:45 a.m. is vacated. The next status hearing is scheduled for March 13, 2009, at 9:30 a.m.

2. Authorization

    Petitioner's counsel shall file proof of client authorization for counsel to pursue this action on petitioner's behalf, or, alternatively, an update on the status of the issue of authorization on or before February 10, 2009.

3. Discovery:

   The government shall file on or before February 13, 2009, a statement of facts upon which it intends to rely in making its case-in-chief. The statement of facts shall present, in numerical form, a short statement of each material fact upon which the government intends to rely in making its case-in-chief, and it shall identify all evidence, in whatever form, the government expects to elicit in support of those facts, including the names of any witnesses the government intends to call. If the government intends to rely on any statements in making its case-in-chief, it shall disclose on or before February 13, 2009: (1) the identity of the speaker; (2) the content of the statement; (3) the person(s) to whom the statement was made; (4) the date and time the statement was made or adopted; and (5) the circumstances under which such statement was made or adopted (including the location where the statement was made).  If the government cannot identify the original source or any later source of the information, it must so indicate. If the government intends to rely on any document (including 302 reports), the documents shall be produced to petitioner's counsel by February 13, 2009, and the relevant portions of the documents shall be identified (by page and paragraph number) if the government does not intend to rely on the entire document. The government shall not be precluded from relying on evidence not contained in its statement of facts to rebut petitioner's arguments on the merits.

4. Exculpatory Evidence:

   The government shall disclose all exculpatory evidence on or before February 13, 2009.  In its December 2, 2008 Order, the Court defined exculpatory evidence as "all

reasonably available evidence in its possession or any evidence within its actual knowledge that tends to materially undermine the evidence that the government intends to rely on in its case-in-chief, including any evidence or information that undercuts the reliability and/or credibility of the government's evidence (*i.e.*, such as evidence that casts doubt on a speaker's credibility, evidence that undermines the reliability of a witness's identification of petitioner, or evidence that indicates a statement is unreliable because it is the product of abuse, torture, or mental or physical incapacity)." This definition encompasses, but is not limited to, the discovery provided for in Part I.D.1 of Judge Hogan's November 6, 2008 Case Management Order, as amended by Judge Hogan's December 16, 2008 Order. The term "reasonably available evidence" is not limited to evidence discovered by the attorneys preparing the factual return for the petitioner; it also includes any other evidence the government discovers while litigating habeas corpus petitions filed by detainees at Guantanamo Bay.

5. Additional Discovery

   On or before March 5, 2009, if petitioner's counsel has identified any other discovery that they seeks, petitioner's counsel shall file a motion pursuant to ¶ I.E.2 of Judge Hogan's November 6, 2008 CMO.

6. Joint Status Report:

   On or before March 10, 2009, the parties shall file a joint status report, not to exceed ten pages. The joint status report shall (1) summarize the discovery completed to date, (2) identify any anticipated problems related to further discovery, and (3) propose a schedule for future proceedings.

**SO ORDERED.**

         /s/
ELLEN SEGAL HUVELLE
United States District Judge

Date:   January 14, 2009